# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LENERO THOMAS,

        Petitioner,        Case Number: 2:17-CV-13231

v.        HON. DENISE PAGE HOOD

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner Lenero Thomas filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Thomas challenges his convictions for assault with intent to do great bodily harm less than murder, malicious destruction of property, and third-degree retail fraud. Respondent seeks dismissal of the petition on the ground that Thomas has failed to exhaust his state court remedies. The Court determines that the petition raises unexhausted claims, grants the motion, and dismisses the petition without prejudice.

## I. BACKGROUND

Thomas was convicted following a bench trial in Wayne County Circuit Court. On December 17, 2014, he was sentenced to 34 months to ten years for the

assault with intent to do great bodily harm conviction, 23 months to 5 years for the malicious destruction of property conviction, and 90 days in jail, time served, for the retail fraud conviction.

Thomas filed an appeal of right in the Michigan Court of Appeals. He sought relief on the ground that the trial court erred in finding him guilty of assault with intent to do great bodily harm less than murder because insufficient evidence supported the intent element of that offense. The Michigan Court of Appeals affirmed Thomas's convictions. *People v. Thomas*, No. 325388, 2016 WL 6395077 (Mich. Ct. App. Oct. 27, 2016). In an application for leave to appeal to the Michigan Supreme Court, Thomas raised the sufficiency of the evidence claim, and the following additional claims: (i) he was improperly held without arraignment and retried on dismissed charges in violation of the Double Jeopardy Clause; (ii) he should have been sentenced to county jail time or community programming; (iii) ineffective assistance of counsel; (iv) he did not consent to a bench trial; and (v) the defense was denied an opportunity to cross-examine witnesses. The Michigan Supreme Court denied leave to appeal. *People v. Thomas*, 500 Mich. 1021 (Mich. 2017).

Thomas then filed this habeas corpus petition. He raises these claims: (i) Petitioner should have been charged with aggravated assault instead of assault

with intent to do great bodily harm less than murder; (ii) insufficient evidence supported conviction; (iii) Petitioner's alleged statement regarding his intent to harm the victim is not supported by videotape evidence; (iv) Double Jeopardy violation; (v) denied right to a fair trial by court's limitations on cross-examination and trial court's exhortations that the defense hurry up.

## II. DISCUSSION

Respondent has filed a motion to dismiss on the ground that the petition contains unexhausted claims. Petitioner has not filed a response to the motion.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a

3

petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35, 107 S. Ct. 1671, 1674-75 (1987). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir. 1998). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Thomas fails to satisfy his burden of showing exhaustion of state court remedies. Thomas has failed to raise his claim that he was denied the right to present a defense in either the Michigan Court of Appeals or Michigan Supreme Court. He presented his double jeopardy and charging discretion claims for the first time to the Michigan Supreme Court. "[S]ubmission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts." *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011), *citing Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 1060 (1989). A prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Thomas. Thomas may file a motion for relief from judgment in the

4

Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" when the one-year statute of limitations applicable to federal habeas actions poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Thomas has not shown the need for a stay because the one-year limitations period is not at risk of expiring while he returns to state court. *See* 28 U.S.C. § 2244(d). The one-year period does not begin to until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on June 27, 2017, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on

5

September 25, 2017.  Thomas filed his federal habeas petition on October 2, 2017. Nearly the entire year of the one-year limitations period remained when he filed the petition.  While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Thomas has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Even assuming that Thomas has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay.  The state courts should be given a fair opportunity to rule upon those unexhausted claims.  A non-prejudicial dismissal of the habeas petition is appropriate.

## III. ORDER

The Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 10), and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. The Court **DENIES** a certificate of appealability.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 30, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2018, by electronic and/or ordinary mail.

                                  s/LaShawn R. Saulsberry
                                  Case Manager